## Carter's Estate.

*Wills—Construction—Distribution—Intestate law.*

Testator by his will created a trust for his children for life in the residue of his estate, and directed that "at and immediately after the death of any such child to pay the principal of said share to any widow, husband or children surviving any such child, in such proportions as are provided by the intestate laws of this commonwealth, and in default of such widow, husband or children, then to the brothers and sisters of such deceased child, share and share alike." A son died leaving a widow but no children. *Held,* that the fund for distribution consisting of personalty should be distributed one-half to the widow of the deceased son, and the other half to the testator's surviving children.

Argued Jan. 15, 1907. Appeal, No. 334, Jan. T., 1906, by Katharine E. Carter, from decree of O. C. Phila. Co., Jan. T., 1893, No. 237, sustaining exceptions to adjudication in Estate of William T. Carter, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

The auditing judge, HANNA, P. J., awarded the whole fund to Katharine E. Carter, widow of Charles J. J. Carter.

On exceptions to the adjudication PENROSE, J., filed an opinion sustaining the exceptions. DALLETT, J., filed a dissenting opinion.

*Errors assigned* were in sustaining the exceptions.

*H. Gordon McCouch,* of *Dickson & McCouch,* for appellant. — Charles' widow is entitled to the whole of the principal held in trust from him under the sixth paragraph of the will as amended by the third paragraph of the codicil: Board of Missions' App., 91 Pa. 507; Raudenbach's App., 87 Pa. 51; Nicholas's Est., 8 Pa. Dist. Rep. 725; Kellerman's Est., 18 Pa. Superior Ct. 530; Miller v. Miller, 1 Duvall (Ky),

8; Stephenson's Est., 30 Pa. Superior Ct. 97; Reck's App., 78 Pa. 432.

The will works an equitable conversion of the real estate: Severns's Est., 211 Pa. 65; Fahnestock v. Fahnestock, 152 Pa. 56; Roland v. Miller, 100 Pa. 47; Hunt's App., 105 Pa. 128; Jones v. Caldwell, 97 Pa. 42; Keim's Est., 201 Pa. 609; Vanuxem's Est., 212 Pa. 315; Tasker's Est., 215 Pa. 267.

*John G. Johnson,* for appellee.—There was no devise or bequest in favor of the widow of Charles J. J. Carter of anything more than the proportion which would go to her as widow under the intestate laws.

The will did not work a conversion of the real estate into personalty: Page's Est., 75 Pa. 87; Hunt's App., 105 Pa. 128; Keim's Est., 201 Pa. 609; Vanuxem's Est., 212 Pa. 315; Tasker's Est., 215 Pa. 267; Severns's Est., 211 Pa. 65.

OPINION BY MR. JUSTICE BROWN, April 22, 1907:

Katharine E. Carter, a daughter-in-law of William T. Carter, deceased, claims the entire share of his estate which he left in trust for a deceased son, her husband, Charles J. J. Carter, who died without leaving children. The following is the clause in the codicil to the will of the testator under which this claim is made: "The rest, residue and remainder of my estate, real and personal, I order and direct the said trustees to hold in trust for my children share and share alike, until their arrival respectively at the age of twenty-three years, with full power to the said trustees to apply so much of the income of the share of any such child which may in their judgment seem proper for their liberal maintenance and education; and upon the arrival of any of said children at said age, to pay the one-fourth part of the principal of the share coming to said child to him or her, absolutely, and to retain in trust for each of my said children the other three-fourths part thereof, to pay him or her the income thereof during his or her natural life, and at and immediately after the death of any such child to pay the principal of said share to any widow, husband or children surviving any such child, in such proportions as are provided by the intestate laws of this commonwealth, and in default of such widow, husband or children, then to the

brothers and sisters of such deceased child, share and share alike."

What the testator meant is free from all doubt. He gave to the son, Charles J. J. Carter, no power of appointment over the portion of his estate which he left in trust for him, and the son could not have disposed of it by will. The father was unwilling that the son should do so, for he himself directed what disposition should be made of it at the son's death. That disposition is that it shall be divided among those persons who would be entitled to receive it, if the share had been the son's absolutely and he had died intestate. When the testator provided that the principal of the share held in trust for the deceased son should go to the widow or children surviving him in such proportions as are provided by the intestate laws of this commonwealth, he meant that she should receive such portion of his estate as the intestate laws would give her in it if it were her husband's. The meaning of the testator's language could not be clearer. He did not provide that she should have the husband's full share if he died without leaving children surviving, but that she should have only such portion of it as the intestate laws would give to her as a widow. They do not give her what she claims. With no children surviving a husband, the widow takes one-half of the personalty absolutely and a life estate in one-half of the realty ; with children surviving, her interest is one-third. If children of Charles J. J. Carter had alone survived, they would take the entire share of their father in their grandfather's estate, because under his will the intestate laws would give it to them. They do not give it to the widow, and she cannot, therefore, get it under the will of her father-in-law, which provides that she is to get only a widow's share. We are asked by counsel for the appellant to say the testator meant that only in default of widow and children can the brothers and sisters of a deceased child take. The testator did not so write his will, but unmistakably expressed his intention that in default of children the widow should take one-half of the son's share, that with widow and children surviving she should take a third and they the remainder, and, with children alone surviving, they should take all. These are the proportions provided by the intestate laws. To read " or " " and " would not only be to read the codicil as

the testator did not write it, but as he clearly did not intend to write it.  On the opinion of the learned judge below expressing this view the decree may well be affirmed.

Whether the will of the testator worked a conversion of his real estate is not, as was properly held by the court below, a material question in this distribution and need not be decided. Under the power given to sell there has been an actual conversion, and one-half of the deceased son's share has been awarded to the appellant absolutely as personalty.  She cannot, therefore, very well raise the question of conversion, and it is not raised by either of the assignments.  Both are overruled, and the decree is affirmed with costs to the appellees.